CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 31 2012

JULIA C. DUDLEY, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEVIN JOHNSON, | ) | CASE NO. 7:11CV00606 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| JACKSON L. KISER, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Kevin Johnson, a Virginia inmate proceeding pro se, filed this civil rights action alleging that Jackson L. Kiser, Senior United States District Judge of this court, violated Johnson's constitutional rights by refusing to recuse himself from cases Johnson has filed in past years against prison officials. Given the nature of Johnson's claims alleging constitutional violations by a federal judge, this action arises under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), with jurisdiction vested in 28 U.S.C. § 1331. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Johnson is incarcerated at Red Onion State Prison and has filed numerous lawsuits against prison officials about various aspects of prison life there. He complains that the majority of these lawsuits have been decided by Judge Kiser, adversely to Johnson. Johnson complains that Judge Kiser has routinely dismissed Johnson's cases improperly, not based on the facts or the law, but because Judge Kiser is a "racist" who is prejudiced against blacks and inmates in general and in particular against Johnson, who is a black inmate. At the same time, Johnson asserts that Judge Kiser's judicial decisions adverse to Johnson in cases against prison officials prove that Judge Kiser has some personal animus towards Johnson, his race, and his inmate

status. Johnson also asserts that after he named Judge Kiser as a defendant in a lawsuit in 2001, the judge improperly decided numerous other cases that Johnson filed against prison officials, although Johnson believes the judge properly should have recused himself from presiding over these cases.

Johnson claims that his "life and safety are presently in continuous jeopardy [because] on almost a daily basis correctional officers act to set [Johnson] up for physical violence and death." As an example, he alleges that he was assaulted by prison officers on December 12, 2011. He complains that he is unable to "seek redress" regarding these issues, because his cases will be assigned to Judge Kiser, who will dismiss them based on his personal prejudice against Johnson. Johnson asserts that officials "commonly remark they feel secure from any accountability and find encouragement to threaten and harm [Johnson] because they know he will not be allowed to prevail against them in litigation by judges such as [Judge Kiser]."

As relief in this action, Johnson seeks to have reinstated all his prior cases that Judge Kiser has dismissed, so that his claims can be fairly adjudicated. Johnson also seeks an injunction enjoining Judge Kiser from presiding over any of Johnson's future litigation. Finally, Johnson seeks to recover his costs and fees and to present his claims to a jury.

## II

The Prison Litigation Reform Act of 1995 substantially amended the *in forma pauperis* statute, 28 U.S.C. § 1915. The purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to those prisoners who have "three strikes"--- those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for

2

failure to state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

The United States Court of Appeals for the Fourth Circuit has expressly recognized Johnson's "undisputed" status as a three-striker inmate under § 1915(g). *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006). In this status, Johnson is barred from proceeding with this civil rights action absent prepayment of the $350.00 filing fee, unless he makes a showing that he was in imminent danger of serious physical harm "when he filed his complaint or at some time thereafter." *Id.*

> "[T]he [imminent danger] exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.*

*Johnson*, 200 F. App'x at 272.

Under this standard, the court cannot find that Johnson has alleged facts meeting the imminent danger exception related to the claims raised in this action against Judge Kiser. Johnson simply fails to demonstrate any respect in which he is faced with imminent danger of physical injury as a proximate result of the conduct of which he complains. Judge Kiser has merely made judicial decisions under the law, finding in the majority of Johnson's past civil rights cases against prison officials that Johnson had stated no actionable constitutional claim or was barred under § 1915(g) from pursing his claims. Johnson fails to state facts demonstrating that his inability to obtain the legal result he desired in these past cases caused him any physical harm or any heightened risk of future physical harm. His remedy in each of the cases was to appeal to the United States Court of Appeals for the Fourth Circuit. Indeed, Johnson's historic

3

lack of success with such appeals soundly disproves Johnson's conclusory assertions that the judge's decisions ignored the facts and the law.[1]

For the reasons stated, the court concludes that Johnson fails to satisfy the imminent danger exception to § 1915(g) and summarily dismisses his complaint without prejudice on that ground. If Johnson wishes to proceed with this lawsuit, he may refile his complaint and prepay the $350.00 filing fee.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The court finds that Johnson's allegations fail to state any actionable claim under *Bivens* against Judge Kiser. As stated, when Judge Kiser dismissed Johnson's past cases, for whatever reason and on whatever ground, Johnson's remedy was to appeal. Thus, Judge Kiser has taken no action that deprived Johnson of his right to redress of constitutional violations at the hands of prison officials. Moreover, Johnson presents no authority on which he could use a § 1983 action to reinstate closed cases in order to pursue claims now barred by the applicable statute of limitations. Johnson also has no constitutional right to avoid having a particular judge rule on his cases, absent proof of partiality which he fails to offer here. His argument that Judge Kiser is

---

[1] Johnson did successfully appeal Judge Kiser's summary dismissal of one case under the imminent danger exception to § 1915(g). *See Johnson v. Warner, supra.* This action, Case No. 7:05CV00219, proceeded to a jury trial as to several excessive force claims, and jurors found in favor of the defendant prison officials. Johnson does not present any facts in his current complaint suggesting that bringing all of his past claims to trial, as he did in *Johnson v. Warner*, would improve his alleged problems at the prison in any respect.

4

prejudiced against black inmates is circular, self-serving, and completely baseless. Therefore, as an alternative to dismissal of the complaint under § 1915(g), the court also dismisses Johnson's complaint under § 1915A(b)(1) for failure to state any actionable claim. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 31st day of January, 2012.

/s/ James C. Turk
Senior United States District Judge